I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:          DEPUTY CLERK:

Petitioner on July 25, 2014 by TS

**FILED**
CLERK, U.S. DISTRICT COURT

July 25, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TS_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BALTAZAR MALDONADO QUINTADOR, | ) No. CV 14-5570-JLS (DFM) |
| Petitioner, | ) ORDER TO SHOW CAUSE |
| v. | ) |
| SPEARMAN (Warden), | ) |
| Respondent. | ) |

On or about June 20, 2014, Petitioner Baltazar Maldonado Quintador ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the United States District Court for the Northern District of California. Because Petitioner seeks to challenge his conviction sustained in Ventura County Superior Court, the District Court for the Northern District of California transferred Petitioner's case to this United States District Court, the district in which Ventura County is located.

Petitioner's conviction in Ventura County Superior Court was sustained on August 29, 2000, at which time Petitioner was sentenced to a term of 45 years to life imprisonment. Dkt. 1 ("Petition") at 1. Petitioner claims that his

pleas of guilty were induced by duress, menace, deceptive means, and trickery by his defense attorney, the prosecutor, and police. Id. at 5.

Because this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). 28 U.S.C. § 2244(d) provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Ordinarily, the starting date of the limitations period is that provided by

2

§ 2244(d)(1)(A), that is, the date on which the judgment becomes final after the conclusion of direct review. In his Petition, Petitioner states that he did not file a direct appeal from his conviction. Petition at 1-2. Where, as here, the petitioner did not directly appeal from the judgment, the judgment became final within the meaning of § 2244(d)(1)(A) when the time for seeking appellate review from the state court expired. Gonzalez v. Thaler, --- U.S. ---, 132 S. Ct. 641, 653-54 (2012). Under state law, Petitioner had sixty days to appeal the judgment. Cal. Pen. Code § 1237.5; Cal. Rules Ct., Rule 31(d) (now Rule 8.308(a)). Thus, Petitioner's judgment became final within the meaning of § 2244(d) (1)(A) upon the expiration of the sixty-day period for filing a notice of appeal, or on October 28, 2000, the date that the period for seeking appellate review expired. Therefore, the one-year limitations period began to run one day later on October 29, 2000, and expired on October 29, 2001.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because neither of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears from the face of the Petition that Petitioner was aware of the factual predicate of his claims as of the time of his guilty plea. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

3

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was October 29, 2001, or over 12 years ago. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only state collateral challenges filed by Petitioner subsequent to the date his judgment of conviction became final are habeas petitions that Petitioner filed with the Ventura County Superior Court and California Supreme Court in 2013 and 2014, respectively. See Petition at 3-4. It does not appear to the Court that Petitioner would be entitled to any statutory tolling for any of those state habeas petitions because they were not filed until over a decade after Petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 130 S. Ct. 2548, 2560 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 130 S. Ct. at 2562. Here, Petitioner alleges nothing to indicate that any circumstances exist that would establish a claim for equitable tolling.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

4

States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before August 29, 2014, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated:   July 25, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge